1
2
3                    UNITED STATES DISTRICT COURT
4                         DISTRICT OF NEVADA
5                                * * *
6   CHARLES E. KEMP,                      Case No. 3:19-cv-00582-MMD-WGC
7                          Plaintiff,                ORDER
        v.
8
    ROMEO ARANAS, *et al.*,
9
                         Defendants.
10

11  **I.    SUMMARY**

12         *Pro se* Plaintiff Charles E. Kemp, who is an inmate at Lovelock Correctional Center

13  ("LCC"), brings this action under 42 U.S.C. § 1983. (ECF No. 5.) Before the Court is a

14  Report and Recommendation ("R&R") of United States Magistrate William G. Cobb (ECF

15  No. 41), recommending the Court grant Defendants' motion for summary judgment (ECF

16  No. 27 ("Motion")). Kemp filed an objection to the R&R (ECF No. 43 ("Objection")) and

17  Defendants responded (ECF No. 44). Because the Court finds that Kemp's claims against

18  Defendant Poag are time-barred and that Kemp has failed to submit evidence sufficient to

19  support his deliberate indifference claim against Defendants Donnelly and Egerton—as

20  further explained below—the Court will overrule Kemp's Objection, adopt the R&R in full,

21  and grant Defendants' Motion.

22  **II.   BACKGROUND**

23         After screening the Complaint, the Court permitted Kemp's claim for deliberate

24  indifference to serious dental needs to proceed against Donald Poag, Brian Egerton, and

25  Russelle Donnelly. (ECF No. 4.) The Court incorporates by reference Judge Cobb's

26  recitation of Kemp's allegations in the First Amended Complaint ("FAC") provided in the

27  R&R, which the Court adopts. (ECF No. 41 at 4-7.)

28  ///

1  III.   **LEGAL STANDARD**

2        This Court "may accept, reject, or modify, in whole or in part, the findings or

3  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

4  timely objects to a magistrate judge's report and recommendation, then the Court is

5  required to "make a de novo determination of those portions of the [report and

6  recommendation] to which objection is made." *Id.* The Court's review is thus de novo

7  because Kemp filed his Objection. (ECF No. 43.)

8  IV.   **DISCUSSION**

9        As a preliminary matter, the Court finds that Kemp's claim he did not consent to

10  Judge Cobb's authority to decide this matter misunderstands the consent rule. (ECF No.

11  43 at 2.) The AO 85 Notice permits a magistrate judge to finally resolve dispositive matters

12  if all parties consent. Here, Judge Cobb issued the R&R and the district court judge will

13  finally determine any dispositive motion. The parties' consent is not required for Judge

14  Cobb to issue an R&R which this Court may then adopt or reject.

15        Judge Cobb recommended that summary judgment be granted for Defendant Poag

16  because the claims brought against him are time-barred. (ECF No. 41 at 7-8.) Judge Cobb

17  further recommended that summary judgment be granted for Defendants Egerton and

18  Donnelly because Kemp has failed to demonstrate sufficient facts to support his deliberate

19  indifference claim. (*Id.* at 8-11.) The Court addresses each argument in light of Kemp's

20  Objection.

21        A.   **Statute of Limitations – Poag**

22        The Court finds that Kemp's statute of limitations arguments are without merit.

23  Kemp essentially objects to applying the relevant state statute of limitation, NRS § 11.190,

24  to § 1983 claims for two reasons. (ECF No. 43 at 4-5.) First, Kemp argues that it is

25  improper to apply a state statute of limitation to a § 1983 claim. (*Id.*) Second, Kemp claims

26  that NRS § 11.190 may not be applied because it violates the Nevada State Constitution.

27  (*Id.*) The Court rejects both arguments.

28        The Supreme Court has clearly stated that "for the purposes of choosing a

2

1    limitations period for § 1983 actions, federal courts must apply the state statute of

2    limitations governing personal injury claims because it is highly unlikely that States would

3    ever fix the limitations period applicable to such claims in a manner that would discriminate

4    against the federal right." *Felder v. Casey*, 487 U.S. 131, 145-46 (1988) (citing *Wilson v.*

5    *Garcia*, 471 U.S. 261, 279 (1985)). Indeed, federal causes of action that lack a uniform

6    statute of limitations "is commonplace" and "adopt[ing] a local time limitation" is a usual

7    solution. *See Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 378 (2004) (citations

8    omitted). Accordingly, it is appropriate to apply Nevada's statute of limitation to Kemp's §

9    1983 claim.

10        Moreover, NRS § 11.190 is not constitutionally infirm. Kemp asserts that NRS §

11   11.190 lacks an enacting clause, and therefore is invalid. (ECF No. 43 at 5.) The bill which

12   re-enacted § 11.190 did include an enacting clause, a fact Kemp does not dispute.[1] (*Id.* at

13   17.) Instead, Kemp argues that the Court is constrained to look at the text of the statute

14   as it appears in the Nevada Revised Statutes, which does not include the accompanying

15   enacting clause. Because the Nevada Revised Statutes lack the required text, Kemp

16   argues they are void. (*Id.*) This is incorrect. The legislature has passed valid legislation,

17   which is accurately codified in the Nevada Revised Statutes. Judge Cobb properly applied

18   the two-year statute of limitations, as initially referenced in S.B. 235 which re-enacted NRS

19   § 11.190 and in the text of the Nevada Revised Statutes.

20        The Court therefore agrees with Judge Cobb that summary judgement should be

21   granted as to Defendant Poag.

22       **B.    Deliberate Indifference – Donnelly & Egerton**

23        Kemp also argues that the Motion should be denied as to Defendants Donnelly and

24   Egerton. In both his opposition to Defendants' Motion and his Objection to the R&R, Kemp

25   asserts that Donnelly and Egerton removed a copy of his grievance #2006-30-15976

26

27   _____

28        [1]At the time Kemp filed this action, the most recent re-enactment of NRS § 11.190 was in 2017 through S.B. 235. *See* S.B. 235, Ch. 598 § 28 (2017). That bill contained an enacting clause and was signed by the governor.

1    ("First Grievance") from a later submitted grievance #2006-30-74126 ("Second
2    Grievance"), therefore interfering with his ability to receive prompt dental treatment. Judge
3    Cobb recommends granting the Motion because Kemp has failed to provide any evidence
4    that either Donnelly or Egerton had any involvement in his dental care or that they
5    deliberately interfered with the processing of his grievances requesting attention. (ECF
6    No. 41 at 10-11.)

7           The Court has examined the evidence submitted by both parties, and agrees that
8    Kemp has provided no evidence to support his claim that Donnelly or Egerton were in any
9    way deliberately indifferent to his dental needs. Kemp grieved that he had not received
10   dental attention in his First Grievance on January 26, 2016. (ECF No. 29-3 at 17.) He
11   received an informal response instructing him to kite medical or present during Sick Call
12   for more immediate attention. (*Id.*)

13          Kemp then grieved in the Second Grievance on November 13, 2018, that staff was
14   aware of his ongoing dental issues yet persisted in denying him care. (*Id.* at 4.) On
15   December 10, 2018, Egerton denied the grievance at the informal level, stating that Kemp
16   had been seen by Dr. Yup on December 6, 2018. (*Id.*) When Kemp raised the grievance
17   to the next level, Donnelly reviewed the grievance and explained that there was no
18   evidence of infection, the dentist filled Kemp's cavities, and that if Kemp has further doubts
19   about the adequacy of the prison's paperwork he could request a copy of his chart. (*Id.*)

20          Kemp again grieved in grievance #2006-30-77185 ("Third Grievance") that Egerton
21   improperly removed attachments from the Second Grievance. (*Id.* at 2.) Donnelly again
22   responded that there was no evidence any documentation had been removed from the
23   Second Grievance. (*Id.*)

24          Even assuming that Egerton did remove the copy of the First Grievance Kemp
25   attached to his Second Grievance, Kemp fails to show that either Donnelly or Egerton
26   acted with deliberate indifference. The resolution of Kemp's Second Grievance indicated
27   that he received dental care, and nothing Kemp alleges argues the contrary. The long
28   history of non-compliance Kemp alleges all took place surrounding care he received in

1   2013. (ECF No. 39 at 34-35.) The response to Kemp's First Grievance indicates the same,

2   that Kemp had not requested medical attention since that time, and if he had renewed

3   concerns, he must kite medical or present to Sick Call. (ECF No. 29-3 at 17.) Similarly,

4   the medical kites from 2017 each indicate that Kemp was seen shortly after kiting. (*See*

5   ECF No. 29-2.) Establishing deliberate indifference requires a showing that the defendant

6   prison official "knows of and disregards an excessive risk to inmate health or safety,"

7   *Farmer v. Brennan*, 511 U.S. 825, 537 (1994), and "den[ies], delay[s] or intentionally

8   interfere[s] with medical treatment," *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir.

9   2013) (international quotation marks and citation omitted). Kemp has provided no

10  evidence that either Donnelly or Egerton acted intentionally or denied him adequate care.

11      Even viewing the facts in the light most favorable to Kemp, he has failed to allege

12  sufficient basis to succeed on his deliberate indifference claim. Accordingly, the Court will

13  grant the Motion as to Donnelly and Egerton.

14  **V.    CONCLUSION**

15      The Court notes that the parties made several arguments and cited to several cases

16  not discussed above. The Court has reviewed these arguments and cases and determines

17  that they do not warrant discussion as they do not affect the outcome of the issues before

18  the Court.

19      It is therefore ordered that Kemp's objection (ECF No. 43) to the Report and

20  Recommendation of U.S. Magistrate Judge William G. Cobb is overruled. The Report and

21  Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 41) is adopted in

22  full.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

It is further ordered that Defendants' motion for summary judgment (ECF No. 27) is granted.

It is further ordered that the Clerk of Court enter judgment in favor of Defendants in accordance with this order and close this case.

DATED THIS 30th Day of November 2021.


_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE